# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

In re

VITTORIO GENTILE and
LYDIA GENTILE,

                Debtors

Chapter 7
Case No. 11-19630-JNF

## MEMORANDUM OF DECISION ON MOTION FOR STAY PENDING APPEAL

The Debtors, Vittorio and Lydia Gentile, filed a voluntary chapter 7 petition on October 11, 2011. Creditors, Janice Silverio, permanent guardian to Douglas Homsi, and Joseph Homsi have filed two claims totaling $12 million against the Debtors' bankruptcy estate. These claims arise from a state court judgment (the "State Judgment") and are secured by liens on the Debtors' real estate. The Debtors own four investment properties free and clear of any liens. These "Investment Properties" are: 839 Shootflying Hill Road, Centerville, Massachusetts; 940 East Street, Walpole, Massachusetts; 14-16 Andrea Drive, Canton, Massachusetts; and 842-844 Canterbury Street, Roslindale, Massachusetts. The Debtors report $9,225 in monthly income from these Properties on their Schedule I.

On September 11, 2012, Judge Feeney granted the motions of Mark DiGiacomo, the chapter 7 Trustee, to sell the Investment Properties, over the Debtors' objections (the "Sale Orders").[1] Judge Feeney denied the Debtors' motion for reconsideration. The Debtors have appealed the Sale Orders and the denial of their motion for reconsideration to the Bankruptcy Appellate Panel (the "B.A.P."). They now move, pursuant to Fed. R. Bankr. P. 8005, for a stay pending appeal in order to prevent the Trustee from liquidating the Investment Properties.

---

[1] Due to scheduling difficulties Judge Feeney could not hear the present matter and, therefore, resolution of this motion was assigned to me.

1

Auctions are currently scheduled for October 31 and November 2, 2012. For the reasons, set forth below, the Debtors' motion is granted.

The standards to be met for the issuance of a stay pending appeal are the same as those which must be met for the issuance of a preliminary injunction. *See In re Miraj & Sons, Inc.*, 201 B.R. 23, 26 (Bankr. D. Mass. 1996). The movant must show:

1) the likelihood of success on the merits;
2) the potential for irreparable harm if the injunction is denied;
3) the balance of relevant impositions (the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues); and
4) the effect (if any) of the court's ruling on the public interest.

*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996). A stay pending appeal should not be granted if one of the factors is entirely absent, however, once established, not all conditions need to be given equal weight. *See Miraj* at 26. "These factors are not applied in a vacuum but instead must be viewed in light of the importance of the right of appeal and preservation of the status quo during the appeal." *Id., quoting In re Howley*, 38 B.R. 314, 315 (Bankr. D. Minn. 1984). This test is not markedly different from standard for a preliminary injunction adopted by Massachusetts courts. *See Ocean Spray Cranberries, Inc. v. PepsiCo, Inc.*, 160 F.3d 58, 61 (1st Cir. 1998); *Packaging Indus. Group, Inc. v. Cheney*, 380 Mass. 609, 405 N.E.2d 106, 112 (Mass.1980).

The Debtors' likelihood of success on their B.A.P. appeal is unclear. The approval of a sale of a bankruptcy estate's assets is within the sound discretion of the bankruptcy judge, and an appellate court will not upset it absent a clear showing that the bankruptcy judge abused her discretion. *See Jeremiah v. Richardson*, 148 F.3d 17, 23 (1st Cir. 1998). Moreover, the B.A.P. has questioned the Debtors' standing to bring the appeal.[2] The thrust of the Debtors' objection to

---

[2] *See In re Vittorio Gentile, et al v. Mark DeGiacomo, Ch 7 Trustee*, BAP No. MB 12-071. On October 12, 2012, the B.A.P. issued an order to show cause while the Debtors' appeal should not be dismissed for lack

2

the Trustee's motions to sell is that the State Judgment is currently on appeal to the Massachusetts Appeals Court and there is a substantial likelihood the judgment will be reversed.[3] If the State Judgment is reversed, the total outstanding claims against the bankruptcy estate will drop to $7,000. These claims could be satisfied by the sale of the Debtors' automobile. However, the likelihood that the State Judgment will ever be overturned in its entirety or overturned to the extent that it would significantly reduce the Homsis' claims against the estate is unclear and, for this reason, it is unclear whether the Debtors will succeed in establishing that the bankruptcy judge abused her discretion when she granted the Trustee's motions to sell.

I weigh the Debtors' likelihood of overturning the Sale Orders against the gravity of any harm to the Debtors if a stay pending the B.A.P. appeal is denied. If a stay is not granted, the harm could be substantial. The Debtors own the Investment Properties free and clear of any liens or mortgages. The Debtors argue that a present liquidation of the Investment Properties would directly and adversely affect their pecuniary interests because they will lose significant equity in these properties if they are sold at auction in the current depressed real estate market. The auction bidders will not have the opportunity to inspect the premises, and it is unlikely any sale will realize fair market value. Although the Trustee will hold the auction proceeds until the appeal of the State Judgment is exhausted, and deliver the proceeds to the Debtors in the event the Judgment is reversed, such proceeds will not sufficiently reimburse the Debtors for the equity they would realize if they were to retain the Investment Properties. Additionally, one of

---

of standing. On October 18, 2012, the B.A.P. issued a further order stating, "[w]ithout rendering a final decision on the Panel's jurisdiction over this appeal, the Panel hereby finds that the Appellants have shown sufficient cause to preclude the dismissal of this appeal."

[3] The Debtors made an offer of proof at the October 22 hearing that their motion in the state court proceeding for judgment notwithstanding the verdict had been allowed with respect to Vittorio Gentile's liability for negligent entrustment and that their civil counsel believes the entire State Judgment will be reversed.

3

the Investment Properties houses a beauty parlor where Vittorio Gentile works. A sale of this property could jeopardize one source of the Debtors' income. Their remaining income, other than $1,464 per month in social security, comes from rents on the Investment Properties. Were the Trustee to liquidate, the Debtors would lose this income too.

In contrast, there would be minimal harm to the estate in the event the auctions were stayed. At the hearing, the Trustee could not articulate a compelling need to liquidate the Investment Properties before the Debtors exhaust their appeal of the Sale Orders. The Trustee cited the risk of loss and depreciation of the Investment Properties pending the stay and the sunk cost of having already advertised the auctions. However, the Investment Properties are completely unencumbered, and there is no evidence to show their values are decreasing.[4] Additionally, the Properties are insured and, therefore, the risk of loss is limited to the effort of obtaining any monies from the insurance provider.

Finally, the effect of staying the auctions on the public interest is also negligible. At the hearing, the Trustee conceded that any auction proceeds would not be distributed to Ms. Silverio and the Homsis until further order from the Court. In other words, staying the liquidation of the Debtors' assets would not delay distribution to the Homsis, because the latter would in any event await resolution of the state court action.[5]

In consideration of the above factors, I find that the Debtors have met their burden. By separate order, the Court will grant the motion for stay pending appeal. For the reasons set

---

[4] In fact, the Debtors argue that current trends in the real estate market indicate the values will likely increase over the next year.

[5] The creditors who stand to gain most from a liquidation of the Investment Properties are the Homsis/Silverio. As the underlying basis for their claims is the State Judgment, currently on appeal, a distribution to them before that appeal is resolved would be premature. No objection to the Homsis claim has been filed in this case, but as far as the Debtors are prosecuting an appeal of the State Judgment, the Court understands that they intend to file an objection to the claim on the basis of any reversal on appeal should they succeed in that respect. In effect, the Debtors are asking for a stay of distribution.

forth above, the Trustee and his agents will be enjoined, until judgment is issued on the Debtors' appeals to the B.A.P., from selling or transferring the following real properties: 839 Shootflying Hill Road, Centerville, Massachusetts; 940 East Street, Walpole, Massachusetts; 14-16 Andrea Drive, Canton, Massachusetts; and 842-844 Canterbury Street, Roslindale, Massachusetts.

Date: October 26, 2012

Frank J. Bailey
United States Bankruptcy Judge