# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

## EASTERN DIVISION

<table>
<tr><td>

In re

**VITTORIO GENTILE and
LYDIA GENTILE,**

                           **Debtors**

</td><td>

**Chapter 7
Case No. 11-19630-JNF**

</td></tr>
</table>

**MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION**

The chapter 7 Trustee has moved, pursuant to Fed. R. Civ. P. 60,[1] made applicable by Fed. R.

Bankr. P. 9024, that I reconsider my Order of October 26, 2012 allowing the Debtors' Motion for Stay

Pending Appeal (the "Stay Order").  The basis of the motion is an alleged manifest error of law.  For the

reasons set forth below, the Court will deny the motion.

To succeed on a motion to vacate under Fed. R. Civ. P. 60(b)(1) for "mistake," the Trustee must

show a manifest error of fact or law.  To this end, the Trustee argues that I misapplied the standard for

issuing a preliminary injunction, which is the applicable standard to apply when considering a request

for stay pending appeal.  In deciding whether to issue a preliminary injunction the Court considers four

factors:

1) the likelihood of success on the merits;
2) the potential for irreparable harm if the injunction is denied;
3) the balance of relevant impositions (the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues); and
4) the effect (if any) of the court's ruling on the public interest.

*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996).  According to the Trustee,

my error of law stems from the following language in my Order:

The Debtors' likelihood of success on their B.A.P. appeal is unclear. . . .
the likelihood that the State Judgment will ever be overturned in its

---

[1] No specific subsection is cited.

> entirety or overturned to the extent that it would significantly reduce
> the Homsis' claims against the estate is unclear and, for this reason, it is
> unclear whether the Debtors will succeed in establishing that the
> bankruptcy judge abused her discretion when she granted the Trustee's
> motions to sell.[2]

The Trustee reads this as stating I did not find any likelihood that the Debtors would succeed on the merits of their appeal.  Consequently, he argues, my analysis should have stopped short of considering the remaining factors and I should have denied the Debtors' motion.  *See New Comm Wireless Servs. Inc. v. Sprintcom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) (describing the movant's likelihood of success as the "sin qua non" of the four-part inquiry into whether to grant a preliminary injunction in the absence of which, "the remaining factors become matters of idle curiosity").

The Trustee's reading of my ruling is wrong, but perhaps understandable.  Let me elucidate. There is a sufficient likelihood that the Debtors will prevail in their appeal to the Bankruptcy Appellate Panel ("B.A.P.") for me to perform the balancing test necessary to ensure that no party is irreparably harmed by a failure to issue the stay pending appeal.   I conclude this for two reasons.

First, while no judge has a crystal ball to predict what an appellate court will do (and we are dealing with two appellate courts here, the Massachusetts Appeals Court and the B.A.P.), based on the evidence and arguments provided by the parties, I determined that Debtors sufficiently met their burden of establishing that there is a likelihood that the Appeals Court will reverse the state court judgment against the Debtors. [3]  In that event, a Trustee's sale of the properties immediately would irreparably harm the Debtors, who have spent their lives accumulating these investments.  For this

---

[2] *See Memorandum of Decision on Motion for Stay Pending Appeal*, No. 11-19630-JNF, Docket Entry 160.

[3] The Debtors' counsel made an offer of proof at the October 22, 2012 hearing on the motion for stay pending appeal that a judgment notwithstanding the verdict had entered with respect to one of the counts against the Debtor-Husband and that appellate counsel believed there was a "great possibility" the entire verdict would be overturned with respect to him.  The Debtors have appealed the entire verdict on all counts.  The Trustee offered no significant response.

reason, I conclude that the B.A.P. will likely reverse the ruling that the Trustee may exercise his

discretion to sell the properties now.

Second, Section 704(a)(1) of the Bankruptcy Code[4] directs the Trustee to "collect and reduce to

money the property of the estate . . .  and close such estate as expeditiously *as is compatible with the*

*best interests of parties in interest*."  (Emphasis added).  The highlighted language makes clear that

speed does not trump fairness.  Pursuant to this statutory authority, the Trustee filed four motions to

sell four investment properties under 11 U.S.C. § 363(b), seeking to do so before the Appeals Court

completes its work.  In determining a § 363(b) sale motion the judge must find that the trustee has a

good business reason to sell the estate property.  *See In re On-Site Sourcing, Inc.*, 412 B.R. 817, 823

(Bankr. E.D. Va. 2009).  A trustee owes a duty to the debtor to maximize value, especially when there is a

chance that all creditors may be paid in full and the debtor may receive funds back.  *See In re Kazis*, 257

B.R. 112, 114 (Bankr. D. Mass. 2001).

In their opposition to the Trustee's motions to sell, the Debtors did not dispute the

appropriateness of the eventual liquidation of their investment property.  Rather, they questioned the

timing, as the claim of the principal creditors in this case is on appeal.  The Trustee has failed to

articulate a good business reason why immediate liquidation is "compatible with the best interests of all

parties in interest."  *See* 11 U.S.C. § 704(a)(1).  Given the unique circumstances of this case, namely, that

in the event the state court judgment is reversed, the total outstanding claims against the estate will

drop to approximately $7,000, there is ample reason to question the wisdom of the Trustee's decision to

liquidate now.  The investment properties are insured and unencumbered.  There is no evidence they

are declining in value.

---

[4] 11 U.S.C. § 101 *et seq*.

Accordingly, because I found a likelihood that the Debtors' would succeed on their appeal to the

B.A.P., I did not make a manifest error of law when applying the standard articulated by the First Circuit.

Therefore, the Trustee's motion for reconsideration is denied.


Date:  November 30, 2012

_____
Frank J. Bailey
United States Bankruptcy Judge